UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-165(12)(JRT/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | **GOVERNMENT'S POSITION WITH RESPECT TO SENTENCING** |
| (12) STACEY RAE DUCHAINE, | |
| Defendant. | |

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Deidre Y. Aanstad, Assistant United States Attorney, hereby submits its position with respect to sentencing of defendant Stacey Rae Duchaine. For the reasons set forth below, the government respectfully requests that the Court impose a sentence of 18 months of imprisonment followed by a term of three years of supervised release.

## INTRODUCTION

On May 20, 2015, a 12-count Indictment was returned by a grand jury sitting in the District of Minnesota charging the defendant and 40 other individuals with conspiracy to distribute heroin, methamphetamine, oxycodone, hydromorphone, hydrocodone, and methadone, to the communities in and surrounding the Red Lake and White Earth Indian Reservations in the District of Minnesota and Native American communities elsewhere. (District Court Docket ("DCD") 1.) Subsequently, the defendant pled guilty to the conspiracy alleged in the Indictment on April 14, 2016.

I.     Offense Conduct

During the spring and summer of 2014, law enforcement began investigating the drug trafficking activities of Omar Sharif Beasley. According to information provided by community members and through investigation, law enforcement was aware that Beasley was distributing large quantities of heroin in and around the Red Lake Indian Reservation. Further, Beasley was using local community members to assist him in the distribution of controlled substances. A break in the investigation came on October 3, 2014, when law enforcement from the Red Lake Police Department executed a warrant at a residence on the Red Lake Indian Reservation. Inside the residence, officers located several of the defendant's co-conspirators and approximately 1300 grams of heroin. All the individuals located inside the home were arrested on tribal or state charges.

As the investigation continued, law enforcement learned that the conspiracy extended not only to the Red Lake Indian Reservation, but also to the White Earth Indian Reservation and other Native American communities in North Dakota. During the course of the investigation, law enforcement identified the defendant as a distributor that was involved in the Beasley Drug Trafficking Organization ("DTO") in western North Dakota. The defendant herself and conversations about the defendant were intercepted on telephone calls between Omar Beasley and the defendant or other co-conspirators. The defendant was one of Beasley's rising distributors as the DTO reached out from Minnesota to Native American communities in western North Dakota. Based on the defendant's admissions to the Court at the time of her change of plea hearing, the defendant distributed between 20 and 40 grams of heroin and approximately 50 oxycodone pills between February and April

2015 in western North Dakota. During her plea of guilty and in the Presentence Investigation Report, the defendant admitted that she received drugs and money in exchange for her role as a distributor in the Beasley DTO.

II.     Prior Criminal History

As outlined in the Presentence Report prepared in this matter, the defendant is no stranger to the criminal justice system. Based on the defendant's prior convictions, the defendant has six criminal history points (Criminal History Category III) for the following prior convictions:

| Date of Conviction | Conviction | Court of Conviction | Sentence |
| --- | --- | --- | --- |
| April 29, 2010 | Simple Assault | Minot Municipal Court, Minot, ND | 5 days jail suspended, fine |
| September 7, 2011 | Aggravated Reckless Driving | Mountrail County, North Dakota | 180 days jail, 150 days suspended for two years |
| February 16, 2012 | Driving Under the Influence of Alcohol | Bismarck Municipal Court, Bismarck, ND | 20 days jail, 15 days suspended with probation |
| August 15, 2012 | Theft | Minot Municipal Court, Minot, ND | Fined |
| November 21, 2012 | Driving Under the Influence of Alcohol or a Controlled Substance | Ward County, North Dakota | 365 days jail, 305 days suspended with probation |
| November 17, 2014 | Theft | Minot Municipal Court, Minot, ND | 5 days jail, 2 days suspended with probation |

In addition to the prior convictions used to calculate her criminal history category, the defendant has 11 prior convictions for driving-related offenses (suspended license or no insurance) and a false report to law enforcement. Further, at the time of the defendant's arrest on May 27, 2015, the defendant had active bench warrants in 9 matters. The

3

defendant's bench warrants were for violating probation or failing to pay fines in closed matters and for new or pending matters.

## SENTENCING GUIDELINES CALCULATION

The district court should begin sentencing proceedings by correctly calculating the applicable Guidelines range. *Gall v. United States*, 552 U.S. 38, 49 (2007). In this matter, the defendant pled guilty to Conspiracy to distribute heroin and other controlled substances. The PSR correctly determined that the adjusted offense level for distributing 20 to 40 grams of heroin is 16. (PSR ¶¶ 102 and 107.) Further, the PSR appropriately determined that the defendant is entitled to a 3-level adjustment for acceptance of responsibility. (PSR ¶¶ 109 and 110.) Finally, the PSR correctly concluded that the defendant's criminal history category is III, a category higher than that contemplated by the parties. (PSR ¶ 133.)

Based on the Probation Office's guidelines calculations, the PSR concluded that the defendant's Guidelines range for Conspiracy to Distribute heroin and other controlled substances is 18 to 24 months of imprisonment. (PSR ¶ 166.) And, for the reasons outlined in the next section, the government respectfully requests that the Court impose a sentence of 18 months' imprisonment for conspiracy to distribute between 20 and 40 grams of heroin and other controlled substances for the Beasley DTO in western North Dakota.

## SECTION 3553(a) SENTENCING FACTORS

In determining a sentence sufficient, but not greater than necessary, to accomplish the federal sentencing goals outlined in 18 U.S.C. § 3553, a Court must examine multiple factors including the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, (b) to afford adequate deterrence to criminal conduct, (c) to protect the public from further crimes of the defendant, and (d) to provide the defendant with needed educational and vocational training, medical care or other correctional treatment in the most effective manner; and the need to avoid unwarranted sentencing disparities.  *See* 18 U.S.C. § 3553(a).  In this case, considering all of the sentencing factors, the government respectfully submits that a sentence of 18 months' imprisonment is appropriate for the defendant.  Such a sentence would be sufficient, but not greater than necessary, to accomplish the federal sentencing goals in this case.

I.      Nature and Circumstances of the Offense

Here, the defendant has agreed that she was a distributor in the Beasley DTO out in western North Dakota.  The defendant was one of a few individuals that aided Beasley in expanding his drug empire from Minnesota to North Dakota.  The defendant assisted in opening Native American communities in western North Dakota to Beasley's heroin trafficking.  Although an addict herself, the defendant distributed heroin and other opioids to individuals western North Dakota.  In exchange, the defendant received drugs and money.  The defendant's actions did not only impact her own health and well-being.

5

Rather, the defendant contributed to a significant epidemic in Native American communities in western North Dakota.

Based upon the nature and circumstances of the offense, including the defendant's role in the offense, a sentence of 18 months' imprisonment is a fair and just sentence. The defendant actively opened up a line of distribution for the Beasley DTO in New Town, North Dakota.

II.     History and Characteristics of the Defendant

By the defendant's own report and supporting documentation provided by her counsel, the defendant has led a life that included significant sexual abuse, chemical dependency, and family strife. The defendant turned to drugs and alcohol at a young age to cope with significant familial issues. Despite past issues, the defendant has maintained sobriety while in a controlled setting. The defendant appears to have a new outlook on life.

Although the defendant's upbringing and chemical dependency may reflect the need for a lesser sentence, the defendant's role in the offense mitigates against a lesser sentence. Further, the defendant's prior history of violating laws, court orders, and terms of probation warrants a sentence within the calculated Guidelines range. When the defendant's role is compared with other co-conspirators, a sentence of 18 months' imprisonment is fair and just.

III.   A Fair and Just Sentence

In evaluating what is a sufficient, but not greater than necessary, sentence, the Court must examine several societal factors in addition to the specific factors surrounding the offense and the defendant.  Namely, the Court must impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense.  Further, the Court must impose a sentence that affords adequate general and specific deterrence to criminal conduct.  Here, a sentence of 18 months' imprisonment balances all these societal and personal factors.

Here, although the defendant has her own struggles with addiction, the defendant enabled and contributed to the epidemic of heroin and opioid substance abuse in Native American communities in western North Dakota.  The defendant assisted in bringing drugs to her own community.  There is no secret about the chemical dependency struggles in Native American communities throughout the United States.  There is no secret about the outside influences that bring drugs to the reservation and impact individual community members and the community as a whole.  This defendant brought those outside influences to her community.  The defendant chose to not be just a user, but to be a distributor in an organization that poisoned her community in western North Dakota.  To promote respect for the law and reflect the seriousness of the offense, the defendant must be punished for her actions.  Further, there must be an adequate sentence in hopes of deterring others from becoming community members that bring drugs and negative outside influences to infect an entire community.

After reviewing all the factors set forth in 18 U.S.C. § 3553(a), a sentence of 18 months' imprisonment is a sufficient, but not greater than necessary, sentence.

## SENTENCING ISSUES

In her position with respect to sentencing, the defendant moved for a departure pursuant to U.S.S.G. § 4A1.3(b) claiming that a determination that a criminal history category of III substantially over-represents the seriousness of her criminal history or the likelihood that she will commit other crimes. The defendant claims that her criminal history points were based solely on low-level misdemeanor offenses. The government opposes the defendant's motion for a departure and respectfully requests that the Court deny any motion for a departure from a criminal history category of III.

First, the Sentencing Guidelines already limit the calculation of misdemeanor offenses. First, eleven of the defendant's prior convictions did not count towards her criminal history category. Next, the Sentencing Guidelines limit the number of misdemeanors that can be utilized to calculate a defendant's criminal history category to four. Here, the defendant had more than the requisite number of misdemeanor convictions to calculate her criminal history category. Finally, the defendant's criminal conduct comprising her criminal history category spanned a period of approximately five years, wherein, the defendant regularly violated laws, court orders, and probation. The defendant's criminal history category adequately reflects the defendant's criminal history and the likelihood of further violating the laws and court orders. Accordingly, the government respectfully requests that the Court deny the defendant's motion for a downward departure pursuant to U.S.S.G. § 4A1.3(b).

Alternatively, the defendant has moved for a downward variance based on the factors set forth in 18 U.S.C. § 3553(a). The government does not dispute that the defendant is a drug addict. Further, the government does not dispute that the defendant appears to be motivated to change her life for the better after incarceration. However, for the reasons set forth previously when examining the 3553(a) factors with respect to the defendant, the government respectfully requests that the Court deny the defendant's motion and impose a sentence of 18 months' imprisonment. This sentence is sufficient, but not greater than necessary, to accomplish the goals set out in § 3553(a).

## **CONCLUSION**

The government respectfully requests that the Court impose a sentence of 18 months' imprisonment followed by a term of three years of supervised release. This sentence is reasonable as guided by the factors outlined in 18 U.S.C. §§ 3553(a).

Dated: August 1, 2016
Respectfully Submitted,

ANDREW M. LUGER
United States Attorney

*s/Deidre Y. Aanstad*

BY: DEIDRE Y. AANSTAD
Assistant U.S. Attorney
Attorney ID No. 0331788